# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:                                                                Case No. 13-30160-DHW
                                                                      Chapter 13
BARBARA JEAN RUSSELL,

      Debtor.

## MEMORANDUM OPINION

The chapter 13 trustee moved for reconsideration of this court's order denying the trustee's motion to modify the debtor's plan post-confirmation. The modification that the trustee proposed was to capture settlement proceeds from a cause-of-action arising from an automobile accident and thereafter, to pay those proceeds to the debtor's unsecured creditors. Upon reconsideration of the order denying the trustee's proposed modification, the modification will be denied.

## Jurisdiction

The court's jurisdiction in this dispute is derived from 28 U.S.C. § 1334 and from an order of The United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the bankruptcy court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because the matter at issue here concerns the modification of a confirmed plan, this is a core proceeding under 28 U.S.C. § 157(b)(2) thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Undisputed Facts and Procedural History

The debtor filed this chapter 13 case on January 18, 2013. Her plan, which was confirmed on April 8, 2013 provided, *inter alia*, that she pay her one secured debt, that encumbering her automobile, and that nothing be paid to unsecured creditors. The anticipated duration of the plan was 60 months.

The debtor's income is below that of an Alabama resident with a similarly sized household. The trustee does not dispute that the debtor, under the original plan, was paying all of her disposable income thereunder.

1

On April 7, 2015, almost exactly two-years into the chapter 13 plan, the debtor was injured in a motor vehicle accident. Thereafter, the debtor sought to employ counsel to prosecute the auto accident cause-of-action in state court. On March 18, 2016, this court approved a $12,103.79 settlement of that cause-of-action.

On February 16, 2016, the trustee filed a motion to modify the debtor's confirmed plan in order to capture the settlement proceeds and to pay those proceeds to the debtor's unsecured creditors. On March 14, 2016, this court entered an order denying the trustee's motion to modify the plan of which the trustee now seeks reconsideration.

**Conclusions of Law**

Under the Bankruptcy Code, a chapter 13 debtor must employ her best efforts toward paying debts. In enacting BAPCPA, Congress intended to ensure that debtors repay creditors the maximum they can afford. *See* H.R. Rep. No. 109-31(1), 2005 U.S.C.C.A.N. 88, 89; *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 64, 131 S. Ct. 716, 721, 178 L. Ed. 2d 603 (2011). In particular, all disposable income received by the debtor during the applicable commitment period must be paid under the plan. *In re Turner*, 425 B.R. 918, 919 (Bankr. S.D. Ga. 2010) ("Debtors' plan may not be confirmed unless all unsecured creditors are paid in full, or 'all of the debtor's projected disposable income to be received in the applicable commitment period ... be applied to make payments to unsecured creditors under the plan.'" (citing 11 U.S.C. § 1325(b)(1)(B))).[1]

For a below-median income debtor, as the one here, the applicable commitment period is three years. *See* 11 U.S.C. § 1325(b)(4)(A)(i).[2] While it is undisputed that the motor vehicle accident cause-of-action accrued during the debtor's three-year applicable commitment period, the settlement proceeds were not received by the debtor

---

[1] 11 U.S.C. § 1325(b)(1)(B) provides: "(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan."

[2] 11 U.S.C. § 1325(b)(4) provides: "(4) For the purposes of this subsection, the 'applicable commitment period'—
 (A) Subject to subparagraph (B) shall be—
  (i) 3 years;"

2

until after that time had expired. The plain language of the statute provides that the disposable income is that which is *received* during the applicable commitment period.

Instead, the trustee asserts, and rightfully so, that pursuant to *In re Waldron*, a debtor's post-petition lawsuit proceeds are property of the estate. 536 F.3d 1239, 1241 (11th Cir. 2008). Further, the trustee adds that such proceeds are also to be construed as disposable income. The undersigned agrees and held so previously. *In re Baxter*, 374 B.R. 292, 295 (Bankr. M.D. Ala. 2007).

Nevertheless, the debtor committed all of her disposable income prior to the settlement being received. Thus, although the trustee is correct in stating that settlement proceeds are property of the estate and disposable income, the debtor is not required to pay the proceeds into the plan because the applicable commitment period ended prior to her receipt of those proceeds.

Further, the commitment period requirements for confirmation also apply to a modification requests.[3] *In re Groner*, No. 313-00157, 2016 WL 2865060 (Bankr. M.D. Tenn. May 11, 2016); *In re Keller,* 329 B.R. 697, 702 (Bankr. E.D. Cal. 2005). Therefore, as with the original plan's confirmation, modification under Section 1329 is discretionary and requires "cause" in order for a court to approve an extension of a below-median income debtor's applicable commitment period beyond three years.[4] The fact that the plan provides for payments over 60 months does not change the statutory applicable commitment period for this below-median income debtor, which remains at three years. *In re Pasley*, 507 B.R. 312, 319 (Bankr. E.D. Cal. 2014). Thus, cause must still be demonstrated in order for this court to approve a post-confirmation modified plan that exceeds three years. *See id.*

---

[3] *In re Groner*, No. 313-00157, 2016 WL 2865060, at *2 (Bankr. M.D. Tenn. May 11, 2016) ("Specifically, Section 1329(b) requires that a modified plan comply with the requirements of Section 1325(a). In turn, Section 1325(a) incorporates Section 1325(b) by providing that '[e]xcept as provided in subsection (b), the court shall confirm a plan if' the requirements of Section 1325(a) are satisfied. Thus, the cross-reference in Section 1325(a) and Section 1325(b) suggests that subsection (b) comes into play whenever subsection (a) is applicable.").

[4] 11 U.S.C.A. § 1329(c) provides that: "A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, *for cause*, approves a longer period, but the court may not approve a period that expires after five years after such time." (emphasis added).

3

A determination of cause is a question of fact. *Davis v. Gore*, No. 1:12-CV-2013-WMA, 2014 WL 536980, at *3 (N.D. Ala. Feb. 10, 2014) ("What constitutes 'cause' for extending the plan term and whether a debtor has shown cause are questions of fact decided by the bankruptcy court on a case by case basis."); *see also In re Witt,* 199 B .R. 890, 892 (W.D.Va.1996). In *Davis v. Gore,* Judge Acker outlined instances of when courts may find cause for extending the plan term, such as: when a debtor cannot cure a default or pay priority claims during a shorter term, when a longer term enables the debtor to save his or her home, or when a longer term enables a debtor to pay domestic support obligations thereby keeping debtor out of jail. 2014 WL 536980, at *3.

Here, the trustee seeks modification in order to capture settlement proceeds for the benefit of unsecured creditors. Doing so would extend the plan beyond this below-median income debtor's applicable commitment period. Increasing payments to unsecured creditors is not sufficient cause to extend the plan term beyond three years. *In re Villanueva,* 274 B.R. 836, 842 (B.A.P. 9th Cir. 2002)("'Unsecured creditors have the right to expect a debtor to commit all his disposable income to the plan for three years and nothing more. ... Courts should not use the issue of plan extension to coerce debtors to do something for unsecured creditors that is not required.'" (quoting *In re Karayan,* 82 B.R. 541, 544 (Bankr. C.D. Cal. 1988))); *see also In re Greer,* 60 B.R. 547, 555 (Bankr. C.D. Cal. 1986). Here, trustee did not provide adequate cause for the applicable commitment period to be extended, thus, modification will be denied.

In addition to the foregoing reasons, the trustee's proposed modification should be denied on public policy grounds. Congress has encouraged debtors to seek relief in chapter 13 over liquidations in chapter 7. The benefits of the chapter 13 discharge were created with the intent to encourage the repayment of debts. *See* H.R. REP. 95-595, 5, 1978 U.S.C.C.A.N. 5963, 5966. To require the debtor to pay disposable income that was received after the expiration of the three year commitment period would have the reverse effect from that intended by Congress. Instead, it would discourage debtors from seeking relief under chapter 13 and encourage chapter 7.

In the case *sub judice* it is clear that the debtor's motive in filing chapter 13 was to save her vehicle. It is equally clear that she could not have accomplished that goal had she filed under chapter 7.[5] Further, had this case been filed originally under

---

[5] According to the debtor's original schedules of property, she had no cash on hand as of the date of

4

chapter 7, the bankruptcy estate and unsecured creditors would have had no claim on the lawsuit proceeds. Again, to lay claim on disposable income received after the expiration of the commitment period dissuades debtors from attempting to repay debts through chapter 13 instead of discharging debts under chapter 7 in contradiction to clear public policy.

## Conclusion

For the foregoing reasons, the court finds that because the proceeds were received after the expiration of the debtor's three year applicable commitment period, the debtor does not have to pay those proceeds into the plan. Moreover, trustee has not demonstrated sufficient cause to extend the applicable commitment period beyond the three years for this below-median income debtor, and to do so is in contradiction to public policy. Thus, the proposed modification will be denied. An order consistent with this memorandum opinion will enter separately denying the trustee's motion to reconsider.

Done this the 22nd day of June, 2016.

*/s/ Dwight A. Williams, Jr.*

Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Gary A.C. Backus, Attorney for the Debtor
Raymond J. Hawthorne, Debtor's Special Counsel
Curtis C. Reding, Trustee

---

the bankruptcy filing. Hence, she lacked the ability to redeem the vehicle from the lien of the secured creditor. Further, the car was valued at considerably less that the debt to the secured creditor. It is unlikely that she could have reaffirmed the debt in chapter 7 without reaffirming the entire debt balance.

5